ALBERT CREEK, Appellant, v. GIDEON & NORTH ISLAND RAILROAD COMPANY.

Division One, April 8, 1922.

1. **EJECTMENT:** Estoppel: Pleading: Burden of Proof. In an ejectment suit by a landowner to recover possession of a strip of land, claimed by the defendant as a railroad right of way, the defense that plaintiff is estopped from asserting a right to the possession of such strip, is an affirmative one, which defendant is required to plead specially, and the burden is upon defendant to prove such defense, unless it is conclusively made out by plaintiff's evidence.

2. ———: ———: Submitting Issue as One of Fáct: Plaintiff Bound Thereby. In such case, there being a plea of estoppel, if plaintiff submits the question of estoppel as an issue of fact, to be determined from the evidence offered, and makes no objection at the trial that there is no substantial evidence to prove estoppel and asks no instruction in the nature of a demurrer to the evidence or direction of a verdict on that issue, he cannot thereafter, on appeal, be heard to say that estoppel was not an issue of fact to be determined on the evidence.

Appeal from New Madrid Circuit Court.—*Hon. Sterling H. McCarty,* Judge.

AFFIRMED.

*H. E. Alexander* and *M. A. Dempsey* for appellant.

(1) The defendant has not substantiated its plea of estoppel. This is not a case where a railroad company openly entered upon plaintiff's premises, and proceeded to construct a railroad. By a secret understanding or contract, which for reasons best known to respondent is not produced, but only referred to in indefinite language, this respondent seeks to convert a license granted to a private tram road for limited purposes, into a general right of way such as is contemplated by the eminent-domain statute, and thereby to confiscate the property of appellant in violation of his constitutional and statutory rights. The respondent has paid nothing and intends to pay nothing. Estoppel arising from acquiescence is primarily based upon knowledge. The burden of proof rested upon defendant. The plaintiff denied knowledge. All the surrounding circumstances corroborate his testimony. 16 Cyc. 680, 730, 759, 765. (2) Even if it be assumed that the defendant is a bona fide railroad corporation, the facts developed by the evidence do not estop the plaintiff from recovery in ejectment. Walker v. Railroad, 57 Mo. 275.

*Gallivan & Finch* for respondent.

(1) This cause having been heard by the court sitting as a jury, the judgment must be affirmed if there is any substantial evidence to support it. Thompson v. Stillwell, 253 Mo. 94; Lee v. Conran, 213 Mo. 404; Cousins v. White, 246 Mo. 309; Gaines v. Saunders, 87 Mo. 563. (2) Plaintiff is estopped from maintaining an action of ejectment. Provolt v. Railroad, 57 Mo. 256; Baker v. Railroad Co., 57 Mo. 265; Dodd v. Railroad, 108 Mo. 581; Webster v. Railroad, 116 Mo. 114; Scarritt v. Railroad, 127 Mo. 298; Alexander v. Ry. Co., 138 Mo. 464; Railroad v. Railroad, 222 Mo. 486. (3) Plaintiff's action is barred by the Statute of Limitations. Boyce v. Railroad

Co., 168 Mo. 583; St. Louis v. Railroad Co., 114 Mo. 23; Turner v. Railroad, 112 Mo. 547.

JAMES T. BLAIR, J.—Ejectment. The petition is in the usual form. The land involved is the right of way of what the petition denominates a tram road and what the answer calls a railroad. From a judgment for defendant, plaintiff appeals.

In 1904, Marion Creek, of Indiana, owned, with the exception of forty acres not involved, Section 36, Township 21, Range 10, east, in New Madrid Count. December 20, 1904, Marion Creek and Gideon, Anderson & Co., then in the lumber business at Gideon, Missouri, entered into a contract whereby Creek agreed to sell and the Lumber Company agreed to buy, at prices stated, the merchantable timber on Section 36. The Lumber Company contracted to extend their "tram" from its then terminus, in a southwest direction, to a point in Section 36, described as "supposed to be near the center of the Section 36," and, also, later to extend the line either south "into Section 1 or west into Section 36 as per arrangements heretofore mentioned." It was agreed that the road was to "haul standard cars," and the evidence shows it was constructed of standard guage. Creek contracted to clear the right of way at a price stated and to cut the timber and place it at points convenient for loading. The road was built and the timber cut, delivered and paid for. The road was extended through Section 36 and for several miles beyond. As the clearing proceeded, the land in the vicinity was put under cultivation, and residences gradually erected along the road. Some shipments were made of freight furnished by those in the neighborhood of the road. The equipment was of the kind usual on railroads in that section. Early in 1908 defendant corporation was organized and purchased the road or took it over from Gideon, Anderson & Co. Thenceforward it was operated in the manner which had previously prevailed. There was no fixed schedule. Freight was hauled as it was offered. Freight tariffs were fixed and published and the usual reports made.

Some freight was hauled for the present plaintiff, who became the owner of Section 36 in 1914 or 1916, by deed from his father. At plaintiff's request some ditches were made, some fencing of a part of the right of way was done, cattle guards maintained in places, and a private crossing put in. In view of the question presented, a detailed statement of the evidence upon the issues of use and occupation and recognition of defendant's character as a public carrier is believed to be unnecessary. The answer pleaded, among other things, that plaintiff was estopped and that the ten-year statute had run. It may be added that the original petition, which was put in evidence, laid the ouster on "the — day of ——, 1908." This petition was filed in 1918.

I. The estoppel relied on by defendant is an affirmative defense (Williamson v. Roberts, 187 S. W. l. c. 20; Central Bank v. Doran, 109 Mo. l. c. 51, 52; Throckmorton v. Pence, 121 Mo. l. c. 60; Coleman v. Ins. Co., 273 Mo. l. c. 631), was required to be specially pleaded (Turner v. Edmonston, 210 Mo. l. c. 428), and the burden was upon defendant to prove it unless it was conclusively made out by plaintiff's evidence.

Estoppel: Pleading and Proof.

II. Estoppel was pleaded. Plaintiff now contends there was no evidence tending to prove it. No objection was made on the trial that there was no substantial evidence tending to prove estoppel. No instruction in the nature of a demurrer to the evidence or direction of verdict on that issue was asked. On the contrary, plaintiff submitted the question of estoppel as an issue of fact, to be determined from the evidence which had been offered. Since he voluntarily joined in the submission of the issue as one of fact, he cannot now be heard to say it was not such an issue. This principle is the same, in the circumstances in this case, as that discussed in Kenefick-Hammond Co. v. Ins. Co., 205 Mo. l. c. 311 et seq., and cases cited, and applied in Hart v. Brown, 216 S. W. l. c. 554, and in

Estoppel: Joining in Issue.

other cases in this court.   In Everhart v. Bryson, 244 Mo. 1. c. 514 et seq., Court in Banc went so far as to apply the rule to a plaintiff who first asked a directed verdict on the question of liability and, on refusal of that request, joined in submitting the issue to the jury.   For a stronger reason the principle applies here.   The brief of plaintiff proceeds upon the theory that the trial court found for him on the issue of adverse possession, despite certain recitals in the judgment concerning it.   What has been said disposes of the errors assigned and presented by the brief.

The judgment is affirmed.   All concur; *Elder, J.,* in the result.